# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50622

United States Court of Appeals
Fifth Circuit

**FILED**
May 28, 2019

Lyle W. Cayce
Clerk

SANTIAGO HERNANDEZ,

Plaintiff-Appellant

v.

BEXAR COUNTY SHERIFF'S DEPARTMENT,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-486

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Santiago Hernandez, now Texas prisoner # 02089381, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). He argued that, while he was a pretrial detainee at the detention center in Bexar County, he slipped and fell in the open-air recreation yard. He argued that jail officials knew that the yard often became slippery when it rained and failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address that potential hazard prior to his injury.  Hernandez also asserted that, after he slipped and fell, he was denied prompt medical care.

By moving to proceed IFP on appeal, Hernandez is contesting the district court's certification decision that his appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

On appeal, Hernandez does not raise any argument as to his claim that jail officials were deliberately indifferent to his serious medical needs.  He thus has abandoned any argument regarding this claim.  *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Hernandez reasserts his claim that jail officials disregarded the hazards presented by an open-air recreation yard that could become slippery and that he was injured as a result.  Because he was a pretrial detainee, his claim arises under the Due Process Clause and may involve a challenge to either an episodic act or omission or a condition of confinement.  *See Hare v. City of Corinth*, 74 F.3d 633, 644–45 (5th Cir. 1996) (en banc).

Rather than alleging the recreation yard itself was harmful or tantamount to punishment, he instead asserted that he slipped and fell on one occasion.  Accordingly, "this case does not fit well within the conditions-of-confinement category," because it involves only an episodic act or omission. *Scott v. Moore*, 114 F.3d 51, 53–54 (5th Cir. 1997) (en banc).  For an episodic act or omission to have violated Hernandez's constitutional rights, he must "demonstrate[] that [an] official acted or failed to act with deliberate indifference to the detainee's needs."  *Hare*, 74 F.3d at 647–48.  Hernandez, however, did not identify an official responsible for the alleged constitutional

violation, nor did he set forth a basis on which Bexar County could be liable. He also failed to assert that officials knew the recreation yard presented a substantial risk of serious harm and subjectively meant for harm to occur. *See Thompson v. Upshur Cty.*, 245 F.3d 447, 458–59 (5th Cir. 2001). Rather, he generally asserted that officials negligently maintained the yard by allowing it to become slippery, which does not support a claim under § 1983. *See Coleman v. Sweetin*, 745 F.3d 756, 764–65 (5th Cir. 2014) (per curiam) (explaining courts frequently reject constitutional claims based on slip and fall accidents because "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards"); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (explaining "acts of negligence . . . do not constitute deliberate indifference"); *Marsh v. Jones*, 53 F.3d 707, 711–712 (5th Cir. 1995) (holding "a garden-variety negligence claim" based on damages arising from a leaking air conditioner unit and a slippery floor "is not actionable under section 1983").

Even if Hernandez intended to contest a condition of confinement, he did not allege a nonfrivolous claim. The officials' alleged negligence in maintaining the yard would not establish a due process violation. *See Daniels v. Williams*, 474 U.S. 327, 332–36 (1986). Moreover, Hernandez makes no plausible allegation that officials intended the yard to be dangerous to punish the detainees or that the possibility a detainee might slip and fall was extreme in relation to the valid purpose of the yard, i.e., to give detainees access to outdoor recreation and exercise. *See Bell v. Wolfish*, 441 U.S. 520, 538–39 & n.20, 561 (1979).

Hernandez has not shown that the district court erred in certifying that his appeal was not taken in good faith. Accordingly, his IFP motion is denied. *See Baugh*, 117 F.3d at 202. The appeal lacks arguable merit and is dismissed as frivolous. *See id.* at 202 n.24; 5TH CIR. R. 42.2.

No. 18-50622

The district court's dismissal and our dismissal of this appeal count as strikes pursuant to § 1915(g). *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S.Ct. 1759, 1762–63 (2015). Hernandez is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.